Anthony J. ATTENELLO, Rose Attenello, Plaintiffs,

v.

VANADIUM ALLOYS STEEL COMPANY, Lloyd R. Mitchell, and Salvador Doniello, Defendants.

Civ. A. No. 4207.

District Court, D. Connecticut.

Nov. 5, 1954.

Philip R. Shiff, New Haven, Conn., for plaintiffs.

Day, Berry & Howard, Hartford, Conn., for defendants.

SMITH, Chief Judge.

Defendants in a motor vehicle negligence action move to dismiss on two grounds, another action pending in state court, and lack of personal service of process.

■ The first ground is insufficient. Cf. Borel, Executrix v. Chimento, et al., Civil 2709, D.Conn., Hincks, J., memoranda dated October 5 and October 11, 1949.

The second ground is based on a claim that the driver of the tractor, Doniello, was not an agent of either Mitchell or Vanadium at the time of the collision, and that neither, therefore, caused the vehicle to be operated on the Connecticut highway within the meaning of the act permitting substituted service on the Commissioner of Motor Vehicles as agent for service of the defendants.

A Vanadium tractor, operated by one Bair, hauling a Vanadium trailer with a Vanadium load from Vanadium's Moneca, Pennsylvania, mill to a Vanadium warehouse at Springfield, Massachusetts, broke down. Bair obtained permission from Mrs. Mitchell to hire a substitute tractor and driver, and hired Doniello, who drove his tractor and Vanadium's trailer to Springfield, where Vanadium's employes unloaded all but one bundle. On the return trip through Connecticut, Doniello was involved in a collision which is the basis of the present action.

Vanadium's trucks and equipment were garaged with Mitchell at New Stanton, Pennsylvania, under a contract for supervision and servicing of the trucks and equipment by Mitchell, which contract referred to Mitchell as an independent contractor. In case of trouble on the road, Vanadium's drivers were instructed to call Mitchell's garage for instructions. At the time Doniello was hired, Mitchell was absent on an extended trip to the South, and Mrs. Mitchell was in charge of the garage.

Neither Mitchell nor Vanadium's officers had knowledge of the hiring of Doniello until after the accident. Vanadium claims that Mitchell's role as an "independent contractor" insulates it from any relationship with Doniello, while both Mitchell and Vanadium claim that neither Bair nor Mrs. Mitchell had any authority to engage Doniello.

■ The labelling of the relationship does not govern us here. The question is what the legal relationships were that were created by the contract and conduct of the parties. Here Vanadium retained sufficient control so that Mitchell must be considered as acting as its agent in despatching the trucks, whatever his status might be in servicing them.

The agreement called for servicing of Vanadium's trucks and trailers at Mitch-

ell's garage, and for Mitchell's supervision of Vanadium's employes driving the trucks, subject to the direction, control, management and ultimate supervision of Vanadium.

Mitchell was paid the balance of Vanadium's transportation charges to its customers after operating and maintenance expense.

In practice Vanadium had its employes cal Mitchell for instructions as to the transportation.

When Mitchell was away, Mrs. Mitchell gave instructions.

Whatever interpretation may be put on that contract for other purposes, sufficient authority for Mrs. Mitchell's instructions to Bair and his to Doniello is shown to classify Vanadium and Mitchell as persons who caused the operation of the vehicle on the highway in Connecticut at the time of the accident, and so made substituted service on them under the statute valid.

The motions of defendants Vanadium and Mitchell to dismiss the complaint are denied.